LUCILLE POOLE, INFANT, BY HER NEXT FRIEND, JESSIE POOLE, AND JESSIE POOLE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. THE TWENTIETH CENTURY OPERATING COMPANY, INCORPORATED, A CORPORATION, AND JACK WEINER, DEFENDANTS-RESPONDENTS.

Argued October 5, 1937—Decided December 9, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs-appellants, *Robert J. McCurrie.*

For the defendants-respondents, *David E. Feldman.*

PER CURIAM.

This is an appeal from a judgment of nonsuit.

At the trial it appeared that at five-thirty P. M. on September 27th, 1935, the infant plaintiff, Lucille Poole, sustained an injury to her foot when struck by the taxicab of the defendants as she and her mother, Jessie Poole (who also sued for consequential damages), were crossing Broad street, Newark, in the middle of the block and not at an intersection and not at a crosswalk. The weather was clear. The plaintiffs were crossing in a westerly direction from a point to the north of the Central Railroad station. They passed in front of a north-bound Public Service bus that was stationary on the east side of Broad street. Their view of the north-bound vehicles was obstructed by the bus, and as they emerged from its far side Lucille was struck by a taxicab owned by the defendant company, and driven by its servant, Weiner, going northwardly, which had come up behind the bus. Lucille Poole, the infant plaintiff, was seven years old. She testified that she had no recollection of the accident. Jessie Poole, her mother, testified that she did not see the cab until it was upon her; that although she looked, directly before the accident, she did not see it. She stated that "It seemed to come from nowhere." Goldrick, the Public Service operator, was called by the plaintiffs. He testified that he saw the girl and her mother in the street about six feet away from the curb and saw them make a dash across the street, and he stopped his bus. He then saw them again and the little girl broke away from her mother's hand and ran south towards a safety *isle* and "when I looked again there was a cab alongside of me and I saw it hit the girl."

The plaintiffs alleged surprise concerning the testimony of this witness, and were permitted to cross-examine for the purpose of neutralizing his testimony. Assuming that cross-examination did any such thing, it would, of course, in no

manner establish a cause of action. *Moon* v. *Lewis,* 116 *N. J. L.* 521.

This seems to leave only the testimony of the mother to be considered. She testified that the traffic was heavy; that she passed directly in front of the standing bus; that the taxi seemed to come from nowhere, and that it stopped with the wheel on the child's foot; that the first time she was able to make any observation to see the traffic that was going north, other than the bus, was when she had passed the bus; that she did not see the taxicab then, that there was no taxicab there; that she saw a space and attempted to cross; that she did not see the taxicab until it was upon her, when the cab was right beside her.

In view of all the testimony the trial judge considered that there was no testimony tending to show negligence upon the part of the defendants, and upon that ground nonsuited. We think that was right. The plaintiffs say that the speed of the taxicab was excessive. But as the evidence stood there was no such testimony, and there was the admitted physical fact that the taxicab came to an instant stop with the front wheel on the girl's foot. Since the nonsuit was right, it seems unnecessary to discuss the question of contributory negligence of the plaintiffs.

At the conclusion of plaintiffs' evidence their counsel announced: "I have nothing further except one witness from out the state and I would like to reserve the right to bring that witness." Whereupon the trial judge inquired, "What is that witness from out of the state going to testify to?" The only answer was, "she was a passenger on the bus." Thereupon plaintiffs' counsel said, "I would like to recall Mrs. Poole to show that she had the child's hand at the time." We think there was no abuse of discretion in granting the nonsuit in the circumstances. Mrs. Poole had already testified that she had the child's hand at the time. *Stelwagon Manufacturing Co.* v. *Harrison,* 6 *N. J. Mis. R.* 417. With respect to the witness from out of the state, it is observed that no explanation was offered as to why the witness was not in court, nor was it disclosed when the witness would be

available. No formal motion for a continuance was made, and we think that the mere suggestion of a wish to reserve the right to call such witness constituted no ground for staying the hand of the court. *Heinz* v. *Atlantic Stages, Inc.*, 113 *N. J. L.* 321.

Finally, it was contended that the trial judge committed error in nonsuiting without a motion made for that purpose. But this is not alleged as a ground of appeal.

The judgment will be affirmed, with costs.